UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANG CHEOL WOO, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>CHARLES C. SPACKMAN <br><br>　　　　Defendant. | Civil Action No. 1:18-MC-91545 <br><br>Leave to File Granted on July 15, 2019) |

**REPLY MEMORANDUM IN SUPPORT OF
<u>NON-PARTY SO-HEE KIM'S MOTION TO QUASH</u>**

**I.　　INTRODUCTION**

Plaintiff's Opposition fails to save his defective Subpoenas. Accordingly, for the reasons set forth in non-party So-Hee Kim's initial papers and those set forth below, the Subpoenas should be quashed.

*First*, this Court lacks subject matter over the underlying action because Plaintiff improperly registered a state court judgment in this Court.

*Second,* even ignoring that subject matter jurisdiction is lacking, the Subpoenas are invalid because contrary to Plaintiff's unsubstantiated claims, the evidence demonstrates that Ms. Kim is not a resident of Cambridge, Massachusetts.

*Third*, Plaintiff's alternative argument that the Court should modify the Subpoenas to require Ms. Kim to submit to a deposition and produce documents in Hong Kong fails because

such a result is a violation of the Hague Convention on the Taking of Evidence Abroad ("Hague Convention"), Hong Kong law, and Fed. R. Civ. P. 28(b).

*Fourth,* the tendered witness fee is insufficient as a matter of law.

## II.   ARGUMENT

### A.   This Court Lacks Subject Matter Jurisdiction to Enforce Plaintiff's State Court Judgment.

This action arises from Plaintiff having registered a *state court* judgment in this Court. (ECF. No. 1).  The registration is invalid because, pursuant to the plain language of 28 U.S.C. § 1963, a federal court has authority only to enforce the judgment of other federal courts.[1] *See Euro-Am. Coal Trading, Inc. v. James Taylor Mining, Inc.,* 431 F. Supp. 2d 705, 707 (E.D. Ky. 2006) ("the Court finds that it does not have subject matter jurisdiction to register and enforce a state court judgment under…28 U.S.C. § 1963"); *Caruso v. Perlow*, 440 F. Supp. 2d 117 (D. Conn. 2006) ("Congress' express provision for registration of the judgment of one federal court in another federal court in 28 U.S.C. § 1963 by implication excludes the registration of state-court judgments in federal court under § 1963");  *Marbury Law Grp., PLLC v. Carl*, 729 F. Supp. 2d 78, 83 (D.D.C. 2010) ("[T]his Court lacks jurisdiction to enforce state court judgments" under § 1963); *Fox Painting Co. v. Nat'l Labor Relations Bd.*, 16 F.3d 115, 117 (6th Cir. 1994) ("Nothing in the language of section 1963 grants authority to a district court to register judgments of any courts other than [those specifically enumerated]"); *Wichansky v. Zowine*, 150

---

[1] "A judgment in an action for the recovery of money or property entered in any *court of appeals, district court, bankruptcy court, or in the Court of International Trade* may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963 (emphasis added).

2

F. Supp. 3d. 1055, 1066-67 (D. Ariz. 2015) (holding federal courts lack jurisdiction to enforce state court judgments and relying on § 1963 cases).[2]

Accordingly, this action should be dismissed with prejudice, and the Subpoenas should be quashed on the basis they were served without proper authority.

**B.     Ms. Kim is not a Resident of Cambridge, Massachusetts.**

As set forth in Ms. Kim's affidavits (one attached to the initial memorandum and one attached here as Exhibit A), she is not a resident of Cambridge, Massachusetts, and Plaintiff provides no evidence to the contrary. Instead, Plaintiff baldly identifies a rental unit in Cambridge leased by Ms. Kim's daughter when she attended Harvard University as a "family residence." Opposition at pg. 2, 3, 7, 8, 14. As Plaintiff acknowledges, however, that property is not actual a "family residence," as it is owned by an individual with no familial ties to Ms. Kim or her daughter. Ex. A ¶ 2; Opposition at pg. 2; Ex. B, Deed for Apartment. Over the past four years, Ms. Kim has spent fewer than 30 days in Cambridge, and during those visits, she rarely stayed at her daughter's rented apartment. Ex. A ¶¶ 3-4. On these occasions, Ms. Kim entered the United States using a non-immigrant visa without owning or leasing property in the United States. *Id.* 1 ¶¶ 4-5.

The remaining documents upon which Plaintiff purports to rely for purposes of establishing Ms. Kim's residency have no connection whatsoever to *Ms. Kim* (as opposed to her husband), and therefore are entirely inapposite. *See, e.g.,* ECF No. 15-1 (information concerning Mr. Spackman's Delta airlines account), ECF No. 15-2 (Mr. Spackman's May 2019 Citi card

---

[2] *But see, GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 624-625 (7th Cir. 2013) (finding a federal court has authority to enforce a state court judgment when the criteria for federal subject matter jurisdiction are satisfied). The *GE Betz* decision appears to be an outlier, and the undersigned are unaware of any relevant decisions from this Court or the First Circuit addressing the issue.

statemen). In sum, Ms. Kim does not reside in Cambridge, and therefore cannot be compelled to sit for a deposition or produce documents in Massachusetts. Fed. R. Civ. P. 45 (c)(1)(A) & (d)(3)(A).

### C. The Court Lacks Authority to Modify the Subpoenas Compelling Ms. Kim to be Deposed and Produce Documents in Hong Kong.

Plaintiff's alternative argument that the Court should modify the Subpoenas and force Ms. Kim to comply with them in Hong Kong is unavailing, because doing so would violate the Hague Convention and corresponding Hong Kong law. Contrary to Plaintiff's assertion, absent court order, Hong Kong law does *not* allow depositions for purposes of a United States proceeding, where the putative deponent is not a United States citizen or where the putative deponent objects (both applicable here). *See* Ex. C, Affidavit of Sebastian Matthew White Hughes, Esq. ¶¶ 4-9. Instead, pursuant to the Hague Convention, Plaintiff must first obtain a Letter Request from this Court, and then use it to apply for a court order in Hong Kong. *See generally, id.*

The Affidavit of Ryan T. Middlemas, upon which Plaintiff relies, offers him no help. That affidavit simply states that Plaintiff's counsel's office conducts depositions in Hong Kong for United States legal proceedings without leave of Hong Kong court. The affidavit conspicuously fails to disclose, however, whether those depositions involved an individual, like Ms. Kim, who is not a United States citizen and who does not agree to voluntarily submit to a deposition in Hong Kong. Presumably they do not, because as set forth in Mr. Hughes' Affidavit, any such deposition would violate the Hague Convention and corresponding Hong Kong law. *Id.*

Moreover, Plaintiff is impermissibly seeking to leverage the broader discovery rules afforded by this Court (at least as to Massachusetts residents) that are unavailable to him

4

generally in Hong Kong, revealing "a transparent attempt to circumvent the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters." *Laker Airways, Ltd. v. Pan American World Airways*, 607 F. Supp. 324, 326 (S.D.N.Y. 1985) (quashing non-party subpoenas). As Mr. Hughes explains in his Affidavit, even in purely domestic cases in Hong Kong, that territory's law prevents parties from taking depositions of, or requiring document production from, nonparties absent court order. Ex. C at ¶¶ 3-7, 8, 9. Indeed, if Hong Kong's domestic rules of civil discovery were as permissive as Plaintiff intimates, Plaintiff would have simply served Ms. Kim with a deposition subpoena in Hong Kong, where Plaintiff currently has pending a related action against Defendant Spackman. *See, e.g.*, ECF No. 15-15.

Plaintiff's request to modify the Subpoenas therefore functionally constitutes "the equivalent of a letter rogatory or a court order authorizing a U.S. consular office to take the deposition." *Nissan Fire & Marine Insurance Co., Ltd. v. Fortress Re, Inc.*, 2002 WL1870084, at *5 (S.D.N.Y. 2002) (quashing and rejecting a similar attempt to take a deposition of a non-party in Japan, because doing so would violate Japan's domestic civil procedures and laws). Notably, Plaintiff's cases discussing the modification of subpoenas do not address the international comity issues presented here, and therefore provide no support to salvage the defective Subpoenas.[3]

---

[3] *See Comm-Tract Corp. v. Northern Telecom, Inc.*, 168 F.R.D. 4 (D. Mass 1996) (parties had previously agreed to make a witness available for trial (but subsequently moved to Hong Kong), and the Court granted relief to take a video deposition in Hong Kong in lieu of live testimony; no discussion of international comity concerns presented because person consented); *Probulk Carriers Limited v. Marvel Int. Mgmt. and Transportation*, 180 F. Supp. 3d 290, 293 (S.D.N.Y. 2016) (involving enforcement of an arbitration award pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, to which the United States and the foreign nations were all signatories, and the record showed no indication of lack of compliance); *Packard v. City of N.Y.*, 326 F.R.D. 66 (ordering deposition of party plaintiff abroad); *Yukos Capital S.A.R.L v. Feldman*, 2016 WL 3181151, at *2 (S.D.N.Y. 2016) (modification of subpoena did not present international comity issues).

In sum, modification of the Subpoenas is not appropriate here.

### D.     Plaintiff Cannot Remedy the Error with the Fees Provided.

Plaintiff claims that courts may remedy the failure to concurrently serve a subpoena and witness fees as a "technical defect" by ordering additional fees to be served later. While acknowledging a split among jurisdictions, the cases cited by Plaintiff involved unique procedural histories not presented here. *In re New Compounding Pharmacy, Inc. Prod. Liab. Litig.*, 2013 WL 6058483, at *5 (D. Mass 2013) (party serving subpoena elected not to conduct testimonial deposition, thus witness fee issue moot); *In re Elcommerce.com, Inc.*, 2011 WL 237619, at *2 (E.D. Mich. 2011) (adjusting witness fee amount based on *court's* modification of location of deposition). None of these cases apply where, as here, the amount tendered was demonstrably deficient. Accordingly, the proper remedy is to quash the subpoena. *See, e.g., Kador v. City of New Roads*, 2010 WL 3418265, at *1 n.2-3 (M.D. La. 2010) ("[a] failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena, and a non-party deponent is not required to attend the deposition set forth in the subpoena").

WHEREFORE, non-party So-Hee Kim respectfully requests that the Court allow this Motion to Quash and deny Plaintiff's cross-motion to compel.

> Respectfully submitted,
> SO-HEE KIM
> By her attorneys
>
> */s/ Douglas S. Brooks*
> Douglas S. Brooks (BBO No. 636697)
> Joseph B. Hernandez (BBO No. 704223)
> LIBBYHOOPES, P.C.
> 399 Boylston Street
> Boston, MA 02116
> Tel:    617-338-9300
> dbrooks@libbyhoopes.com
> jhernandez@libbyhoopes.com

Date: July 26, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on July 24, 2019.

*/s/ Douglas S. Brooks*
Douglas S. Brooks