UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANG CHEOL WOO,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES C. SPACKMAN,<br><br>    Defendant, | No. 1:18-mc-91545 |

### MEMORANDUM AND ORDER ON MOTION TO QUASH AND CROSS MOTION TO COMPEL

BURROUGHS, D.J.

On December 21, 2018, Plaintiff Sang Cheol Woo registered, with this Court, a judgment for $13,827,168.24 that was issued by the Supreme Court of New York for the County of New York against Defendant and Judgment Debtor Charles Spackman. [ECF No. 1]. Woo then served a subpoena *duces tecum* and a subpoena for deposition testimony (the "Subpoenas") on Spackman's wife So-Hee Kim in Cambridge, Massachusetts. [ECF No. 10-1 ¶¶ 3–4]. Presently before the Court are Kim's motion to quash the Subpoenas and Woo's cross-motion to compel compliance with the Subpoenas. [ECF Nos. 9, 14]. For the reasons discussed herein, the action is dismissed for lack of jurisdiction and all pending motions [ECF Nos. 9, 14] are <u>DENIED</u> as moot.

### I.    BACKGROUND

Woo initiated this action on December 21, 2018, by registering a state court judgment in this Court in accordance with 28 U.S.C. § 1738. [ECF No. 1]. On May 30, 2019, Woo served Kim with the Subpoenas, which commanded Kim to produce documents and communications responsive to 45 requests by June 21, 2019, and to appear for a deposition in Cambridge,

Massachusetts, on July 9, 2019. [ECF No. 10-2]. Woo also gave Kim a $100.00 check for witness fees and mileage costs. [Id.; ECF No. 10 at 2]. On June 20, 2019, Kim filed her motion to quash the Subpoenas pursuant to Federal Rule of Civil Procedure 45 because Kim "does not reside, is not employed, and does not regularly transact business, within 100 miles of Cambridge, Massachusetts," but rather resides in Hong Kong. [ECF No. 10 at 1]. On July 2, 2019, Woo filed her cross-motion to compel compliance with the Subpoenas and a memorandum in opposition to Kim's motion to quash and in support of her cross-motion to compel. [ECF No. 13]. Woo argues that Kim and her family "maintain[] a residence at 130 Mount Auburn Street, Cambridge, [Massachusetts], which is currently used as their legal address with U.S. financial institutions and airlines" and that the Subpoenas therefore comply with Federal Rule of Civil Procedure 45. [ECF No. 13 at 2]. Kim did not discuss the Massachusetts address in her motion to quash, but maintains that she resides in Hong Kong and does not regularly transact business in the United States. See [ECF Nos. 10 at 1; 10-1, ¶¶ 1–2]. On July 16, 2019, Kim filed an opposition to the cross motion to compel, [ECF No. 19], and on July 26, 2019, she filed a reply in which she reiterates her arguments that she should not be required to submit to a deposition in Massachusetts; she also adds the argument that this Court lacks subject matter jurisdiction over this matter and that the demand for her deposition is inconsistent with the Hague convention. [ECF No. 20]. On August 6, 2019, Woo filed a reply to Kim's response. [ECF No. 23].

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(c)(1), a subpoena may only command a person to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1). Similarly, under Federal Rule of Civil Procedure 45(c)(2), a subpoena may command "production of documents, electronically stored

2

information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2). Rule 45(c) exists in order to "avoid imposing excessive travel burdens on persons subpoenaed." Yukos Capital S.A.R.L. v. Feldman, 15-cv-4964, 2016 WL 3181151, at *1 (S.D.N.Y. June 3, 2016) (citing 9 James W. Moore, Moore's Federal Practice § 45.51 (3d ed. 2015)); see also Price Waterhouse LLP v. First American Corp., 182 F.R.D. 56, 63 (S.D.N.Y. 1998) (intent of Rule 45(c) is to "protect nonparty witnesses from being inconvenienced by being compelled to travel inordinate distances to have their depositions taken"). Under Federal Rule of Civil Procedure 45(d)(3)(A)(ii), a court must "quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P 45(d)(3)(A)(ii).

### III. DISCUSSION

Before considering the motions to quash and compel, the Court must first confirm that it has subject matter jurisdiction over this action. Under 28 U.S.C § 1738, authenticated "records and judicial proceedings of any court of any" state are entitled to the "same full faith and credit in every court within the United States." 28 U.S.C. § 1738. "The local law of the forum determines the methods by which a judgment of another state is enforced." Baker by Thomas v. Gen. Motors Corp., 522 U.S. 222, 235 (1998) (quoting Restatement (Second) of Conflict of Laws § 99 (1969)).

"It is clearly established that this court is to give the judgments and orders of a state court full faith and credit. However, giving a state's judgment full faith and credit, that is, preclusive effect in any proceeding before the court, is a far cry from making a judgment of a state court a federal judgment . . . ." Orne v. Shinn, No. 02-cv-00336, 2002 WL 1729651, at *1 (D.N.H. July 26, 2002) (quoting W.S. Frey Co. v. Precipitation Assocs. Of Am., Inc., 899 F. Supp. 1527,

1528–29 (W.D. Va. 1995)). Courts are divided over whether 28 U.S.C. § 1738 is a sufficient jurisdictional basis to permit federal courts to recognize a state court judgment. Under 28 U.S.C. § 1963:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

28 U.S.C. § 1963.

Several courts have held that 28 U.S.C. § 1963 permits the registration of only federal court judgments and therefore implicitly does not permit federal courts to register state court judgments. See, e.g., Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela, 863 F.3d 96, 122–23 (2d Cir. 2017) (noting that, under § 1963, "federal district courts have been empowered summarily to *register* the judgments of *other federal district courts* to permit enforcement in the registering district" (emphasis in original)); Fidelity Nat'l Fin., Inc. v. Friedman, 803 F.3d 999, 1001 (9th Cir. 2015) ("28 U.S.C. § 1963[] permits plaintiffs to take a judgment entered *in one federal district court* and register it in another." (emphasis added)); Fox Painting Co. v. N.L.R.B., 16 F.3d 115, 117 (6th Cir. 1994) ("Nothing in the language of section 1963 grants authority to a district court to register judgments of any courts other than other district courts or the Court of International Trade."); Wenger v. U.S. Postal Serv., No. 14-cv-04366, 2015 WL 5562415, at *2 (E.D.N.Y. Sept. 18, 2015) ("Section 1963 does not allow for the registration of state court judgments, and nothing in section 1963 provides a United States district court with the jurisdiction to enforce a state court judgment."); TW Estates, LLC v. Knight, No. 12-mc-00202, 2012 WL 2980756, at *1 (D. Kan. July 3, 2012) (finding that § 1963 limits registration to judgments of other federal courts); Marbury Law Group, PLLC v. Carl, 729

4

F. Supp. 2d 78, 83 (D.D.C. 2010) (dismissing suit to enforce a monetary judgment entered in state court because the district court lacked jurisdiction under § 1963); Dearborn St. Bldg. Assocs., LLC v. D & T Land Holdings, LLC, No. 07-cv-1056, 2008 WL 2397660, at *3 (W.D. Mich. June 9, 2008) (holding that district court lacked subject matter jurisdiction to register an Illinois state judgment under § 1963); Orne, 2002 WL 1729651, at *1 (holding that district court lacked subject matter jurisdiction to enforce a Massachusetts state court judgment under 28 U.S.C. § 1963).

Other courts have concluded that they have subject matter jurisdiction to enforce state court judgments when applying state law in a diversity action. See, e.g, GE Betz, Inc. v. Zee Co., Inc., 718 F.3d 615, 625 (7th Cir. 2013) (holding that § 1963 allows a federal court to register a state court judgment, so long as the federal court satisfies the diversity requirements of 28 U.S.C. § 1332); Endocare, Inc. v. Technologias Urologicas, Inc., 950 F. Supp. 2d 341, 344 (D.P.R. 2013) ("[T]his federal court, sitting in diversity, has historically conducted such exequatur proceedings.").

The Court joins the Second, Sixth, and Ninth Circuits, as well as the District of New Hampshire, in finding that 28 U.S.C. § 1963 only empowers federal district courts to register the judgments of other federal district courts. See Mobil Cerro Negro, Ltd., 863 F.3d at 122–23; Friedman, 803 F.3d at 1001; Fox Painting Co., 16 F.3d at 117; Orne, 2002 WL 1729651, at *1.

First, the plain meaning of the statute suggests that Congress did not intend to provide federal courts with jurisdiction to register state judgments. Section 1963 currently provides that "[a] judgment in an action for the recovery of money or property entered *in any court of appeals, district court, bankruptcy court, or in the Court of International Trade* may be registered by filing a certified copy of the judgment *in any other district* . . . ." 28 U.S.C. § 1963 (emphasis

added). The statute explicitly lists several federal courts, yet makes no mention of state courts or of registering a state court judgment. Further, the statute's use of "any other district" suggests that Congress intended to empower federal courts to enforce the judgment of other federal district courts.

Second, the legislative history supports the Court's determination. "[B]efore the section was amended in 1988, it provided only for the registration of district court judgments. In 1988, former 28 U.S.C. § 1963A, which provided for the registration of judgments of the Court of International Trade, was merged into section 1963 and section 1963A was repealed." Fox Painting Co., 16 F.3d at 117. The Sixth Circuit found in 1994 that "Congress did not intend that section 1963 apply to *all* . . . court judgments; if it had, reference to a specific federal court, namely the Court of International Trade, in addition to federal districts courts would have been unnecessary." Id. At that time, § 1963 only referred to judgments entered "in any *district court* or in the Court of International Trade . . . ." 28 U.S.C. § 1963 (West Supp. 1993) (emphasis added). In 1996, § 1963 was again amended to explicitly provide that a judgment entered in "any *court of appeals*, district court, *bankruptcy court*, or in the Court of International Trade," may be registered in district court. 28 U.S.C. § 1963 (emphasis added). See also Pub. L. 104-317, Title II, § 203(a), Oct. 19, 1996, 110 Stat. 3849. The course and explicitness of their amendments suggest that Congress did not intend that § 1963 apply to state-court judgments.

## IV. CONCLUSION

Accordingly, the action is dismissed for lack of jurisdiction. All pending motions [ECF Nos. 9, 14] are DENIED as moot.

December 10, 2019  /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE