UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SANG CHEOL WOO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | No. 1:18-mc-91545 |
| | * | |
| CHARLES C. SPACKMAN, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR RECONSIDERATION**

BURROUGHS, D.J.

On December 21, 2018, Plaintiff Sang Cheol Woo ("Woo") registered, with this Court, a judgment for $13,827,168.24 that was issued by the Supreme Court of New York for the County of New York against Defendant and Judgment Debtor Charles Spackman. [ECF No. 1]. Woo then served subpoenas on Spackman's wife So-Hee Kim ("Kim") in Cambridge, Massachusetts. [ECF No. 10-1 ¶¶ 3–4]. Kim filed a motion to quash the subpoenas on June 20, 2019, arguing first, that she did not reside in Massachusetts, and, second, that the Court lacked subject matter jurisdiction over the matter. On December 10, 2019, the Court determined that it lacked subject matter jurisdiction under 28 U.S.C. § 1963, [ECF No. 24], and dismissed the case, [ECF No. 25]. Presently before the Court is Woo's motion for reconsideration. [ECF No. 26]. For the reasons discussed herein, the motion, [ECF No. 26], is <u>DENIED</u>.

I.  **BACKGROUND**

Woo initiated this action on December 21, 2018, by registering a state court judgment in this Court in accordance with 28 U.S.C. § 1738. [ECF No. 1]. On May 30, 2019, Woo served Kim with a subpoena *duces tecum* and a subpoena for deposition testimony (the "Subpoenas"),

which commanded Kim to produce documents and communications responsive to forty-five requests by June 21, 2019, and to appear for a deposition in Cambridge, Massachusetts, on July 9, 2019. [ECF No. 10-2]. On June 20, 2019, Kim filed a motion to quash the Subpoenas pursuant to Federal Rule of Civil Procedure 45 because Kim "does not reside, is not employed, and does not regularly transact business, within 100 miles of Cambridge, Massachusetts," but rather resides in Hong Kong. [ECF No. 10 at 1]. On July 2, 2019, Woo filed a cross-motion to compel compliance with the Subpoenas and a memorandum in opposition to Kim's motion to quash and in support of her cross-motion to compel. [ECF No. 13].

The Court "join[ed] the Second, Sixth, and Ninth Circuits, as well as the District of New Hampshire, in finding that 28 U.S.C. § 1963 only empowers federal district courts to register the judgments of other federal district courts," [ECF No. 24 at 5], and dismissed the case for lack of jurisdiction, [ECF No. 25]. Woo now argues that the Court separately has jurisdiction, first, under 28 U.S.C. § 1332, which provides federal courts with diversity jurisdiction, and, second, under 28 U.S.C. § 1738, which provides that authenticated "records and judicial proceedings of any court of any" state are entitled to the "same full faith and credit in every court within the United States." [ECF No. 26 at 2].

## II.   LEGAL STANDARD

"[I]t is settled in this circuit that a motion which ask[s] the court to modify its earlier disposition of [a] case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005) (quoting In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)). Under Rule 59, a court will alter its order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)

(quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)).  The motion for reconsideration "is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." Parker Waichman LLP v. Salas LC, 322 F.R.D. 436, 438 (D.P.R. Oct. 12, 2017); see Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) ("A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." (internal citations and quotation marks omitted)).  Granting a motion for reconsideration under Rule 59 "is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

Alternatively, Federal Rule of Civil Procedure 60(b) provides six grounds upon which a court may relieve a party from an order.  Fed. R. Civ. P. 60(b)(1)–(6).  Relevant to consideration of Woo's motion is Rule 60(b)(6), which is a catchall provision that permits "the court [to] relieve a party . . . from a final judgment, order or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  The Rule grants the Court the power to vacate judgments or orders "whenever such action is appropriate to accomplish justice." Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 41 (1st Cir. 2015) (quoting Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir. 1992)).

"[A] movant seeking relief under Rule 60(b)(6) . . . [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)).  "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors.

3

These may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." Sanchez v. United States, No. 00-cv-00141, 2019 WL 2526727, at *2 (D.R.I. June 19, 2019) (quoting Buck v. Davis, 137 S. Ct. 759, 778 (2017)).  A motion for reconsideration may only be granted upon "a misunderstanding or other error 'not of reasoning but apprehension.'" Scottsdale Ins. Co. v. Byrne, 16-cv-11435, 2018 WL 2056153, at *1 (D. Mass. May 2, 2018) (quoting Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 82 (1st Cir. 2008)).

**III.   DISCUSSION**

Woo argues that the Court's decision finding that it lacked jurisdiction was in error for two reasons: first, that the Court may have independent subject matter jurisdiction under 28 U.S.C. § 1332,[1] and, second, that the Court has jurisdiction under 28 U.S.C. § 1738, the Full Faith and Credit Statute.  [ECF No. 26 at 3–6].

As the Court noted in its previous Order, "[i]t is clearly established that this Court is to give the judgments and orders of a state court full faith and credit.  However, giving a state's judgment full faith and credit, that is, preclusive effect in any proceeding before the court, is a far cry from making a judgment of a state court a federal judgment . . . ." [ECF No. 24 at 3 (quoting Orne v. Shinn, No. 02-cv-00336, 2002 WL 1729651, at *1 (D.N.H. July 26, 2002))].  Woo now argues that the Court had subject matter jurisdiction under § 1332 to enforce the New York judgment against a Massachusetts party.  As the Court explained in its Order, the vast majority of courts that have considered the issue have rightfully determined that § 1963 does not provide

---

[1] Woo also argues that courts "register[] and enforce[] state court judgments based on its subject matter jurisdiction under 28 U.S.C. § 1331 in cases in which the United States is a party.  [ECF No. 26 at 4].  Because the United States is not a party in this case, however, the Court does not consider the issue.

4

jurisdiction to enforce a state-court judgment.  See [ECF No. 24 at 3–6].  Even those courts that have allowed subject matter jurisdiction in diversity have done so when the plaintiff files a federal lawsuit to obtain judgments based on res judicata and previous state court judgments under 28 U.S.C. § 1738.  See, e.g., Endocare, Inc. v. Technologias Urologicas, Inc., 950 F. Supp. 2d 341, 344 (D.P.R. 2013) (holding that the court had diversity jurisdiction over an exequatur proceeding to enforce a foreign state judgment).

In this case, Woo simply sought to register his state court judgment in federal court under 28 U.S.C. § 1963, which allows that "[a] judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district . . . ." 28 U.S.C. § 1963.  Woo did not file an independent action in federal court based on the state-court judgment, but rather sought to register a state-court order in federal court, which is insufficient for jurisdiction.  "State court judgments cannot be registered in [federal] [c]ourt." Atkinson v. Kestell, 954 F. Supp. 14, 15 n.2 (D.D.C. 1997), aff'd sub nom. Atkinson v. Inter-American Dev. Bank, 156 F.3d 1335 (D.C. Cir. 1998).  "[T]he only judgments that can be registered under [28 U.S.C. § 1963] are judgments from other courts of the United States." W.S. Frey Co. v. Prescription Assocs. of Am., Inc., 899 F. Supp. 1527, 1528–29 (W.D. Va. 1995). Woo has therefore failed to show "extraordinary circumstances" that would warrant the Court's reconsideration of the issue.

In the alternative, Woo argues that this Court has subject matter jurisdiction under 28 U.S.C. § 1738.  [ECF No. 26 at 6].  Section 1738 provides that judicial proceedings "shall have the same full faith and credit in every court within the United States and its Territories and

Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738.

"[T]he Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action." Thompson v. Thompson, 484 U.S. 174, 182 (1988).  See Caballero v. Fuerzas Armadas Revolucionarias de Colombia, 945 F.3d 1270, 1275 (10th Cir. 2019) ("Section 1738 is a rule of decision, not an independent basis of jurisdiction."); Vera v. Republic of Cuba, 867 F.3d 310, 320 (2d Cir. 2017) ("[T]he Full Faith and Credit Act, which requires state court judgments to receive the same credit, validity, and effect in every other court in the United States, 28 U.S.C. § 1738, has no bearing on the question of whether a district court has subject matter jurisdiction to hear a claim." (citation omitted)); Adar v. Smith, 639 F.3d 146, 157 (5th Cir. 2011) ("Although the full faith and credit clause is part of the Constitution within the meaning of 28 U.S.C. § 1331, there is no jurisdiction because the relation of the constitutional provision and the claim is not sufficiently direct that the case 'arises under' the clause.  Absent an independent source of jurisdiction over such claims, federal district courts may not hear such cases." (internal quotation marks and citations omitted)); Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co., 607 F.3d 1268, 1276 (11th Cir. 2010) ("[I]t is long established that § 1738 does not, standing alone, confer jurisdiction on a federal district court to domesticate a judgment rendered by a court of another jurisdiction."); Conerly v. Wolf, No. 17-mc-00019, 2017 WL 4865914, at *2 (S.D. Ind. Oct. 27, 2017) ("Even assuming that the plaintiffs are attempting to enforce the state court judgment pursuant to the Full Faith and Credit Clause of the United States Constitution or its codified brethren, 28 U.S.C. § 1738, neither supplies a basis for federal question jurisdiction." (citation omitted)).

The Court previously considered and rejected the proposition that a federal court may have subject matter jurisdiction under 28 U.S.C. §§ 1963 and 1738.  See [ECF No. 24 at 4–6]. Because "[s]ection 1963 does not allow for the registration of state court judgments, and nothing in section 1963 provides a United States district court with the jurisdiction to enforce a state court judgment," Wenger v. U.S. Postal Serv., No. 14-cv-4366, 2015 WL 5562415, at *2 (E.D.N.Y. Sept. 18, 2015), the Court joined the majority of courts that have considered the issue and found that it lacked jurisdiction, see [ECF No. 24 at 5].  Further, the Court found that the plain language of the statute, which explicitly lists a number of federal courts yet makes no mention of state courts, see 28 U.S.C. § 1963, and the legislative history confirmed that Congress only intended that § 1963 provide jurisdiction to enforce judgments from other federal courts. See [ECF No. 24 at 5–6].

## IV. CONCLUSION

Given the consensus on the issue and the Court's independent analysis, Woo has failed to demonstrate that the Court's decision was the result of any error.  Reconsideration is therefore not warranted and the motion, [ECF No. 26], is DENIED.

**SO ORDERED.**

April 22, 2020                                                                                  /s/ Allison D. Burroughs
                                                                                        ALLISON D. BURROUGHS
                                                                                        U.S. DISTRICT JUDGE